# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT
# 23-3575

United States of America,

*Appellee*,

v.

Kira Kristina Zielinski

*Appellant*.

On Appeal from the United States District Court
for the Southern District of Iowa
No. 22-cr-30-SMR-SBJ
Hon. Stephanie M. Rose

## APPELLANT'S OPENING BRIEF
- Redacted under 18 U.S.C. § 3509 -

THE LAW OFFICES OF KNUT JOHNSON
KNUT S. JOHNSON, ESQ.
655 West Broadway, Suite 900
San Diego, CA 92101
Tel. (619) 232-7080
knut@knutjohnson.com

Attorney for Appellant

# SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT

The government charged Kira Kristina Zielinski with one count of International Parental Kidnapping in violation of 18 USC § 1204(a). Section 1204 provides an affirmative defense for a defendant "fleeing an incidence or pattern of domestic violence." 18 USC § 1204(c)(2). And in this case the domestic violence she fled was ███████████████████████████████. But the district court concluded, without authority, that the flight must be from "an incidence of pattern of domestic violence" against *himself or herself*.

Because those limiting words appear nowhere in the statute, Ms. Zielinski maintains that the district court erred in excluding her statutory defense. While no circuit – including this – has directly addressed this issue, statutory interpretation, and recent U.S. Supreme Court decisions support Ms. Zielinski's ability to raise the statutory defense that she fled ███████████████████████████████. Accordingly, she asks the Court to grant oral argument and recommends 15 minutes per side.

---

[1] ███████████████████████████████████████████████████

i

# TABLE OF CONTENTS

                                                                                                         Page

SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT .......... i

TABLE OF AUTHORITIES ................................................................................ iv

STATUTORY AUTHORITIES ............................................................................ vi

JURISDICTIONAL STATEMENT ........................................................................1

ISSUE PRESENTED ..............................................................................................2

STATEMENT OF THE CASE................................................................................2

SUMMARY OF THE ARGUMENT ......................................................................4

ARGUMENT ..........................................................................................................4

    I.      THE DISTRICT COURT'S RULING VIOLATED THE CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE ..............................4

         A.    Standard Of Review ..................................................................4

         B.    The district court erred because Ms. Zielinski had a right to present a defense that she was "fleeing an incidence or pattern of domestic violence" ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇ ..................................................................5

         C.    An interpretation that this statutory defense does not apply to mothers ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ would make the statute void for vagueness and violate the Rule of Lenity ..........................................................................................8

              1.    Because the error violated Ms. Zielinski's right to present a defense and the government cannot prove the error was harmless beyond a reasonable doubt this Court should reverse and remand .........................................................10

CONCLUSION.....................................................................................................11

CERTIFICATE OF COMPLIANCE   11
CERTIFICATE OF SERVICE and FILING ...........................................................12

Fed. R. App. P. 32(a)(7) AND 8th Cir. Rule 28A(c) CERTIFICATION .................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002) .............................7

*Chapman v. California*, 386 U.S. 18, 24 (1967). ..................................... 4, 10

*Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992). ...............7

*Crane v. Kentucky*, 476 U.S. 683, 690 (1986)................................................10

*Holmes v. South Carolina*, 547 U.S. 319, 324 (2006).................................10

*Meese v. Keene*, 481 U.S. 465, 484 (1987). .....................................................8

*Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987)............................................10

*United States v. Davis*, 859 F. 3d 592, 597 (8th Cir. 2017) ...........................4

*United States v. Huong Thi Kim Ly*, 798 F. Supp. 2d 467, 480 (2011)...........5

*United States v. Mink*, 9 F.4th 590, 609 (8th Cir. 2021) ...............................4

*United States v. Nixon*, 901 F. 3d 918 (7th Cir. 2018) ...................................5

*United States v. Turning Bear*, 357 F.3d 730, 735 (8th Cir. 2004)...............10

*United States v. West*, 829 F. 3d 1013, 1017 (8th Cir. 2016).........................4

*United States v. Malka*, 602 F. Supp. 3d 510, 540 (S.D. N.Y. 2022) .............6

*Washington v. Texas*, 388 U.S. 14, 16 (1967) ...............................................10

**Federal Statutes**

28 U.S.C. § 1291................................................................................................1

18 U.S.C. § 921(a)(33)(A).................................................................................5

18 U.S.C. § 1204............................................................................... passim

**State Statutes**

Iowa Code 2023, section 236.2 ........................................................................7

Iowa Code 2023, section 708.1 ........................................................................7

**Rules**

FRAP 4 ..............................................................................................................2

**Other Authorities**

BLACK'S LAW DICTIONARY 1705-06 (ed. 2009) ..................................... 4, 5, 7

*The Law of Judicial Precedent*, Bryan A. Garner, et al., St. Paul, Minn.; Thompson Reuters 2016 ..................................................................................7

# STATUTORY AUTHORITIES

Title 18 U.S.C. 1204 provides:

(a) Whoever removes a child from the United States, or attempts to do so, or retains a child (who has been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights shall be fined under this title or imprisoned not more than 3 years, or both.

. . .

(c) It shall be an affirmative defense under this section that—

(2) the defendant was fleeing an incidence or pattern of domestic violence; . . .

Appellate Case: 23-3575   Page: 7   Date Filed: 01/24/2024 Entry ID: 5356487

# JURISDICTIONAL STATEMENT

The decision appealed: Ms. Zielinski appeals from a criminal judgment entered against her in the U.S. District Court for the Southern District of Iowa. Ms. Zielinski was charged with International Parental Kidnapping in violation of 18 USC § 1204(a). But pretrial the district court ruled that she could not raise the statutory defense under 18 USC § 1204(c)(2) that she was "fleeing an incidence or pattern of domestic violence" because the violence she fled ███████████ ████████████████████████. She then waived a jury and stipulated to the elements of the offense. The district court convicted her and then sentenced her to 36 months' imprisonment.

She now appeals the district court's ruling preventing her from raising the statutory defense under 18 USC § 1204(c)(2) that she was "fleeing an incidence or pattern of domestic violence" because ████████████████████████ ██████████ and not at her.

Jurisdiction of the court below: The district court had jurisdiction over Ms. Zielinski's prosecution under 18 U.S.C. § 3231, because she was charged with an offense against the laws of the United States.

Jurisdiction of this Court: This Court has jurisdiction over Ms. Zielinski's appeal under 28 U.S.C. § 1291, which provides for jurisdiction over a final

1

judgment from a U.S. District Court. The district court entered judgment on November 21, 2023. R. Doc 82.

Ms. Zielinski's timely notice of appeal was filed on November 27, 2023. R. Doc 85. *See* Fed. R. App. P. 4(b)(1)(A)(i).

### STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

Whether the district court erred in holding that the statutory defense of "fleeing an incidence or pattern of domestic violence" does not apply to a mother fleeing from an incidence or pattern of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

1. *United States v. Nixon*, 901 F. 3d 918 (7th Cir. 2018)
2. *Meese v. Keene*, 481 U.S. 465 (1987)
3. *United States v. Ghane*, 673 F. 3d 771 (8th Cir. 2012)
4. *Chapman v. California*, 386 U.S. 18 (1967).

### STATEMENT OF THE CASE

<u>Nature of the Case</u>: This is a direct appeal by defendant Kira Zielinski following a bench trial in the Southern District of Iowa on a charge of International Parental Kidnapping in violation of 18 USC § 1204(a).

<u>Procedural History</u>: On April 12, 2022, Ms. Zielinski was indicted in the Southern District of Iowa on one count of International Parental Kidnapping in violation of 18 USC § 1204(a). On July 23, 2023, the district court held a hearing on the government's motion in limine to preclude Ms. Zielinski's defense that she was "fleeing an incidence or pattern of domestic violence." R. Doc. 59, Trans. 7/20/23.

Before that hearing, Ms. Zielinski made a detailed sealed proffer to support her defense. Ms. Zielinski also made a detailed sealed proffer regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In sum, Ms. Zielinski's flight was to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which local law enforcement and Child Protective Services would not do. When they failed to intervene and, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮), she fled to ▮▮▮▮▮▮. R. Doc. 55, at 1-2, 4.

At the sealed hearing, Ms. Zielinski proffered that she had as witnesses ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Trans. 7/20/2023, pages 6-12.

And on July 27, 2023, the district court issued the following public written order:

> The question before is not whether ▮▮▮▮▮▮▮▮ constitutes "domestic violence" under § 1204(c)(2)—it almost certainly does. Rather, the statute requires that a defendant (Zielinski), ▮▮▮▮▮▮▮, be the victim of the domestic violence under the affirmative defense provision. There is no contention that she was a victim of domestic violence, which means the affirmative defense cannot be introduced at trial. R. Doc. 65, at 2.

3

Ms. Zielinski appeals that order.

## SUMMARY OF THE ARGUMENT

The district court erroneously barred Ms. Zielinski from raising the defense of "fleeing an incidence or pattern of domestic violence" under § 1204(c)(2) by ruling that the defense is limited to those cases involving violence against a spouse. By so ruling, the district court ruled in a manner inconsistent with federal legislation, Black's Law Dictionary, and Iowa law. And that ruling, therefore, violated Ms. Zielinski's due process right to present a defense, the rule of lenity, and made the statute void for vagueness.

## ARGUMENT

**I.  THE DISTRICT COURT'S RULING VIOLATED MS. ZIELINSKI'S CONSITUTUIONAL RIGHT TO PRESENT A DEFENSE**

    **A.  Standard Of Review**

Questions of statutory interpretation are reviewed de novo. *United States v. Mink*, 9 F.4th 590, 609 (8th Cir. 2021). And de novo review applies when the "challenge implicates a constitutional right." *United States v. Davis*, 859 F. 3d 592, 597 (8th Cir. 2017) (quoting *United States v. West*, 829 F. 3d 1013, 1017 (8th Cir, 2016). Finally, when the appellant is denied the right to present a complete defense the government must prove the error was harmless "beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24 (1967).

4

### B. The district court erred because Ms. Zielinski had a right to present a defense that she was "fleeing an incidence or pattern of domestic violence" ███████████████████████████████ ███

Here congress wrote that "fleeing an incidence or pattern of domestic violence" is a defense to the crime Ms. Zielinski faced. § 1204(c)(2). Congress did not limit the defense to those cases involving violence only against a spouse. But at least one court has used a definition of "domestic violence" that includes "the creating of a reasonable fear that physical injury or harm will be inflicted . . . against a child . . . of the household." *United States v. Huong Thi Kim Ly*, 798 F. Supp. 2d 467, 480 (2011) (*quoting* BLACK'S LAW DICTIONARY 1705-06 (ed. 2009).). Moreover, that definition adheres to congress's definition of "domestic violence" as an offense that includes "the use or attempted use of physical force . . ." by a "parent . . ." 18 USC § 921(a)(33)(A). ████████████ ████████████████████████████████████████████████████ ██████ As a result, ████████████████████████████████ ████████████████, the district court erred in prohibiting her defense under § 1204.

Her the district court relied on *United States v. Nixon*, 901 F. 3d 918 (7th Cir. 2018) – which does not support the district court's order but does support Ms. Zielinski's appeal. R. Doc. 65, at 2. In *Nixon*, the Seventh Circuit considered the statutory defense raised by Ms. Zielinski. The defendant in *Nixon* feared her ex-

5

spouse was physically and sexually assaulting their daughter. At trial, the prosecution argued that Nixon had fabricated the evidence and coached her daughter to support the defense after the defendant's daughter testified she had accused her father falsely. Unsurprisingly, the jury convicted her mother. Id. at 919. Although the Seventh Circuit did not reach the issue, the court assumed that abuse of a child is "domestic violence" under the statute, but that "real domestic violence" must occur, not just a *belief* of it. Id. at 919-920. And here, Ms. Zielinski's defense is ███████████████████████████████████ ███████

Another case the district court relied on, *United States v. Malka*, 602 F. Supp. 3d 510, 541 (S.D. N.Y. 2022), likewise provides little support for the order appealed from here. R. Doc. 65, at 1-2. In that case, the district court held that unrelated defendants who were "not claiming that they had any kind of legal or visitation rights" could not use the affirmative defense when they kidnapped a child from her mother. *Malka* at 541-542. That is, of course, not the case here – Ms. Zielinski was "fleeing domestic violence" ███████████████████████████ ███████

"[T]he traditional view of legislative interpretation is that when . . . a statute is clear and unambiguous, the reviewing court applies the statute as written without further investigation whether there might be some doubt about its meaning. For

6

'courts must presume that a legislature says in a statute what it means and means in a statute what is says there.'" *The Law of Judicial Precedent*, Bryan A. Garner, et al., St. Paul, Minn.; Thompson Reuters 2016, page 291-292 (citing *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002) and quoting *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)).

And here, the statute could not be clearer: a defendant must be "fleeing an incidence or pattern of domestic violence." And not "against herself or himself." And so this Court should presume congress meant what it said when it did not limit the defense to violence against a spouse.

Additionally, Iowa law (as well as federal law) supports the proposition that domestic violence (defined as domestic abuse in Iowa) includes ▇▇▇▇▇▇▇▇▇▇▇▇▇. Under Iowa Code 2023, section 236.2, domestic abuse includes an assault "between family members who resided together at the time of the assault." And an assault under Iowa law is physical contact that would be "insulting or offensive to another . . ." Iowa Code 2023, section 708.1. And so, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Thus, defining domestic violence as including ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇ adheres to the federal legislation at issue, and is consistent with Black's Law Dictionary and Iowa law. That consistency and adherence supports Ms. Zielinski's



7

position because the Supreme Court has stated that a judge's duty is to "construe legislation as written . . ." *Meese v. Keene*, 481 U.S. 465, 484 (1987). And construing § 1204 not to include ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ misconstrues that statute "as written." For all those reasons this Court should reverse and remand.

    **C.    An interpretation that this statutory defense does not apply to mothers ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ would make the statute void for vagueness and violate the rule of lenity**

Any interpretation that the § 1204(c)(1) defense does not apply to mothers ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ would make the statute void for vagueness. The void-for-vagueness doctrine requires fair notice, protects the public from arbitrary and discriminatory prosecution, and forbids statutes that require guessing as to its meaning. *United States v. Ghane*, 673 F. 3d 771, 776 (8th Cir. 2012). According to the *Ghane* court,

> "The void-for-vagueness doctrine protects persons by providing 'fair notice' of a statute's applicability and by preventing 'arbitrary and discriminatory prosecutions' of a statute's enforcement." *United States v. Mabie*, 663 F.3d 322, 333 (8th Cir. 2011) (quoting *Skilling v. United States*, 130 S. Ct. 2896, 2933, 177 L. Ed. 2d 619 (2010)). "The vagueness doctrine recognizes that '[a] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.'" *United States v. Birbragher*, 603 F.3d 478, 484 (8th Cir. 2010) (alteration in original) (quoting *United States v. Washam*, 312 F.3d 926, 929 (8th Cir. 2002)). "'Void for vagueness simply means that criminal responsibility should not attach where one could not

8

reasonably understand that his contemplated conduct is proscribed.'" *Washam*, 312 F.3d at 929 (quoting U*nited States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32-33, 83 S. Ct. 594, 9 L. Ed. 2d 561 (1963)). Id. At 776-777.

Because any definition of "domestic violence" that precludes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ without expressly stating so would make the statute void for vagueness because those of common intelligence would have to guess at the meaning of the statutory defense: how would a person understand that "domestic violence" only occurs when a spouse is injured, and ▮▮▮▮▮ without an express limitation in the statute?

Any such an interpretation also clashes with the Rule of Lenity. As this Court has noted, the rule of lenity applies to prevent punishment that is not prescribed. *United States v. Parker*, 762 F. 3d 801, 806 (8th Cir. 2014). This "canon of strict construction" is underpinned by a defendant's Fifth Amendment right to due process and the legislative branch's "exclusive Article I 'power to define crimes and their punishment." Id. (quoting *United States v. Lanier*, 520 U.S. 259, 265, n. 5 (1997).)

And here, when the district court rewrote § 1204 to preclude a defense based ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, the court violated the rule of lenity by exposing Ms. Zielinski to punishment that was not proscribed. And by doing so, the district court violated her Fifth Amendment rights and the exclusive Article I power of congress to legislate. For all those reasons this Court should reverse and remand.

9

### 1. Because the error violated Ms. Zielinski's right to present a defense and the government cannot prove the error was harmless beyond a reasonable doubt this Court should reverse and remand

Here, because the error violated Ms. Zielinski's constitutional right to present a complete defense, the government must prove the error was harmless "beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24 (1967). It cannot.

The Sixth Amendment guarantee of compulsory process and the Fifth Amendment guarantee of due process guarantee criminal defendants a meaningful opportunity to present a complete defense. *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006), quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986).

Those rights include, "at a minimum . . . the right to put before a jury evidence that might influence the determination of guilt." *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987). And, the right to present and establish a defense is a "fundamental element of due process of law." *Washington v. Texas*, 388 U.S. 14, 16 (1967). Likewise, this Court has noted that the improper exclusion of defense evidence implicates the constitutional right to put on a defense under the Fifth and Sixth Amendments. *United States v. Turning Bear*, 357 F.3d 730, 735 (8th Cir. 2004). And here by erroneously limiting the statutory defense, the district court violated Ms. Zielinski's constitutional rights.

The same violation occurred here. Ms. Zielinski was improperly denied the ability to present her statutory defense and argue to a jury that she is not guilty. And so, the district court's error violated her right to put on a defense under the Fifth and Sixth Amendments. And for all these reasons too, this Court should reverse and remand.

## CONCLUSION

For all these reasons, the judgment of the district court should be reversed, and the case remanded for trial.

Date: January 17, 2024

        Knut S. Johnson

*/s/ Knut S. Johnson*
THE LAW OFFICES OF KNUT JOHNSON
KNUT S. JOHNSON, ESQ.
655 West Broadway, Suite 900
San Diego, CA 92101
Tel (619) 232-7080
knut@knutjohnson.com

*Attorney for Appellant Kira Zielinski*

# CERTIFICATE OF FILING AND SERVICE

I certify that on January 17, 2024, I electronically filed the foregoing brief and addendum with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users were served by the CM/ECF system. The brief and addendum were scanned for viruses using Microsoft Defender. I also certify that after receipt of notice that the brief and addendum are filed, I will mail a paper copy of this brief to defendant-appellant. I further certify that after receipt of notice that the brief and addendum are filed, I will transmit 10 paper copies of the brief and addendum to the Clerk of Court via Federal Express and 1 paper copy to the appellee, via regular mail as noted below.

Knut S. Johnson

*/s/ Knut S. Johnson*
THE LAW OFFICES OF KNUT JOHNSON
KNUT S. JOHNSON, ESQ.
655 West Broadway, Suite 900
San Diego, CA 92101
Tel (619) 232-7080
knut@knutjohnson.com

Attorney for Appellant

Copy to: Matthew Stone, Assistant U.S. Attorney
U.S. Attorney's Office
131 E. 4th Street, Suite 310
Davenport, IA 52801

12

## Fed. R. App. P. 32(a)(7) AND 8th CIR. RULE 28A(c)
## CERTIFICATION

I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,614 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface Word Times New Roman 14-point font.

Date: January 17, 2024

Knut S. Johnson

*/s/ Knut S. Johnson*
THE LAW OFFICES OF KNUT JOHNSON
KNUT S. JOHNSON, ESQ.
655 West Broadway, Suite 900
San Diego, CA 92101
Tel (619) 232-7080
knut@knutjohnson.com

Attorney for Appellant

13