# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3575

_____

United States of America

*Plaintiff - Appellee*

v.

Kira Kristina Zielinski

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: February 17, 2026
Filed: February 26, 2026
[Unpublished]

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Kira Zielinski absconded with her minor child to Mexico, intending to deprive her ex-husband of his parental rights. When Zielinski returned to the United States, she was indicted for international parental kidnapping. *See* 18 U.S.C. § 1204(a). She intended to invoke § 1204(c)(2)'s affirmative defense, which applies if "the defendant was fleeing an incidence or pattern of domestic violence," but the

Appellate Case: 23-3575    Page: 1    Date Filed: 02/26/2026 Entry ID: 5612250

Government moved *in limine* to exclude any evidence of domestic violence committed by her ex-husband against their child, arguing that § 1204(c)(2)'s affirmative defense was not available because it applies only if the defendant personally suffered the domestic violence. The district court agreed with the Government's interpretation of § 1204(c)(2) and determined that, because Zielinski had not claimed that she was a victim of domestic violence, she could not introduce the affirmative defense at trial. Following a bench trial on stipulated facts, the district court found Zielinski guilty and sentenced her to 36 months' imprisonment. Zielinski appealed, arguing that the district court's interpretation of § 1204(c)(2) was erroneous. The Government urged this court to adopt the district court's interpretation. We affirmed. *See United States v. Zielinski*, 128 F.4th 961 (8th Cir. 2025).

Zielinski petitioned the Supreme Court for a writ of certiorari, once again arguing that she may assert § 1204(c)(2)'s affirmative defense even if only the kidnapped child was the victim of domestic violence. Pet. Writ Cert., *Zielinski v. United States*, --- U.S. ---, 2026 WL 79683 (2026) (No. 25-5067). In its response to Zielinski's petition, the Government abandoned its previous position and adopted Zielinski's interpretation of § 1204(c)(2). Br. Resp't, *Zielinski*, --- U.S. --- (No. 25-5067). Therefore, the Government now argued, both this court and the district court had erred, but the Supreme Court should nonetheless deny the petition because any error was harmless. *Id.* The Supreme Court granted the petition for writ of certiorari, vacated our judgment, and remanded "for further consideration in light of the position asserted by the Solicitor General." *Zielinski v. United States*, --- U.S. ---, 2026 WL 79683 (2026).

Accepting the Government's newfound position that Zielinski could have presented evidence in support of § 1204(c)(2)'s affirmative defense, we are unable to assess whether the district court's order barring her from presenting such evidence constituted harmless error because the record is insufficiently developed. "The Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense . . . ." *Nevada v. Jackson*, 569 U.S. 505, 509 (2013) (citation

-2-

modified).  "A constitutional error is harmless when it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Mitchell v. Esparza*, 540 U.S. 12, 17-18 (2003).  Here, we are unable to determine whether the error was harmless because—as the Government argued when last before us—the current record leaves us "to guess about whether the [kidnapped] child was competent to testify and about the content of any such trial testimony." Without this information, we agree with the Government's previous assertion that we "lack[] the record to determine whether any admissible evidence might have created a reasonable doubt as to her guilt."  We are thus unable to conclude that the exclusion of evidence related to § 1204(c)(2)'s affirmative defense was harmless beyond a reasonable doubt.

We therefore remand for further proceedings in accordance with this opinion.

_____

Appellate Case: 23-3575     Page: 3     Date Filed: 02/26/2026 Entry ID: 5612250